IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT TUCKER<br>    *Petitioner*, | : | |
| v. | | CIVIL ACTION<br>NO. 18-0201 |
| COMMONWEALTH OF PA;<br>THE ATTORNEY GENERAL OF<br>THE STATE OF PENNSYLVANIA;<br>and, DISTRICT ATTORNEY OF<br>PHILADELPHIA<br>    *Respondents*. | :<br><br>: | |

## **MEMORANDUM**

**Jones, II J.**					**March 18, 2020**

### I.    Introduction

Petitioner filed the instant *pro se* habeas petition pursuant to 28 U.S.C. § 2254, challenging his June 30, 2011 conviction in the Philadelphia Court of Common Pleas on charges of Rape, Endangering the Welfare of a Child, and Aggravated Indecent Assault. Petitioner argues he had an alibi and is therefore "actually innocent," and that his trial counsel was ineffective. Upon referral from this Court, United States Magistrate Judge Richard A. Lloret prepared a Report and Recommendation ("R&R"), recommending denial of Petitioner's request for habeas relief. Petitioner filed objections to the R&R and Respondents filed and Answer thereto, rendering the matter now ripe for review.

### II.    Standard of Review

When objections are filed to the Report and Recommendation of a Magistrate Judge, the district court must conduct a *de novo* review of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. §636(b)(1). Although courts must

give liberal construction to *pro se* habeas petitions, "[o]bjections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to *de novo* review." *Gray v. Delbiaso*, Civ. No. 14-4902, 2017 U.S. Dist. LEXIS 101835, at *11 (E.D. Pa. June 30, 2017). "Where objections do not respond to the Magistrate's recommendation, but rather restate conclusory statements from the original petition, the objections should be overruled." *Prout v. Giroux*, Civ. No. 14-3816, 2016 U.S. Dist. LEXIS 57085, at *30 (E.D. Pa. Apr. 29, 2016); *see also Guzman v. Rozum*, Civ. No. 13-7083, 2017 U.S. Dist. LEXIS 55661, at *22 (E.D. Pa. Apr. 12, 2017) ("[F]ederal district courts are not required to engage in *de novo* review of objections to a Magistrate's R&R that lack specificity."); *Luckett v. Folino*, CIVIL NO. 1:09-CV-0378, 2010 U.S. Dist. LEXIS 100018, at *2 (M.D. Pa. 2010) (denying objections to R&R because "[e]ach of these objections seeks to re-litigate issues already considered and rejected by [the] Magistrate Judge [ ].").

### III. Discussion

Petitioner herein filed objections and a subsequent amendment thereto. Because Petitioner's amendment offers additional details regarding the objections set forth in his originally-filed document, this Court shall assess the amended objections. Petitioner raises five issues for this Court's review: (1) trial counsel erred by not objecting to the introduction of prior bad acts testimony and said testimony was unduly prejudicial; (2) Petitioner is actually innocent because he had an alibi defense that "prove[s]/verif[ies]" that he could not have committed the crimes for which he was convicted; (3) trial counsel was ineffective for failing to seek a continuance after the trial court granted the prosecution's motion to amend the dates in the charging information; (4) trial counsel was ineffective because he "never advised [Petitioner] of the Statute of Limitations;" and, (5) Petitioner suffered a 6th Amendment violation when he was

2

denied his right to confront the witnesses against him because the victim's therapist did not testify at trial.[1] (ECF No. 15 at 2-3.)

Upon review of Petitioner's objections, this Court finds same to be unresponsive to the R&R issued by Judge Lloret. Petitioner's objections do not reference any specific portions of the R&R, nor do they allege any error with regard to the reasoning or the law employed by Judge Lloret. *See* E.D. Pa. Civ. P. R. 72.1(IV)(b) ("[W]ritten objections [ ] shall *specifically identify* the portions of the proposed findings, recommendations or report to which objection is made *and the basis for such objections*.") (emphasis added).

In his R&R, Judge Lloret concluded that Petitioner's first four claims were either non-cognizable on federal habeas review or procedurally defaulted. Petitioner fails to address these findings in his objections but instead, rehashes the same arguments he presented in his habeas petition. *Compare* Habeas Petition at 5 *with* Amended Objections at 3 (both arguing counsel was ineffective for failing to object to prior bad acts testimony because "there were no similarities between both offenses"); *compare* Habeas Petition at 5 *with* Amended Objections at 3 (both arguing Petitioner could not have committed the offenses with which he was charged because he was in state custody at the time); *compare* Habeas Petition at 9 *with* Amended Objections at 3 (both arguing Petitioner's trial counsel erred by failing to raise the issue of amending the information at trial or to seek a continuance); *compare* Habeas Petition at 10-11 *with* Amended Objections at 3 (both arguing trial counsel was ineffective for failing to raise the issue that Petitioner was charged with crimes for which the applicable statute of limitations had run).

---

[1] While Petitioner does not specify who he believes is responsible for this alleged violation of the Confrontation Clause, this Court shall infer Petitioner intends to raise said claim in the context of ineffective assistance of counsel.

3

Although Petitioner is correct that Judge Lloret's R&R does not address Petitioner's Confrontation Clause claim, this Court finds that Petitioner failed to properly present this issue in the first instance. Instead, Petitioner first raised this particular ineffective assistance of counsel claim (that Petitioner suffered a violation of the Confrontation Clause because his attorney failed to subpoena the victim's therapist and as a result, Petitioner could not confront a witness against him), for the first time in his objections. In his habeas petition, Petitioner argued his counsel was ineffective for failing to subpoena the victim's therapist, because Petitioner missed the opportunity to present the therapist for character evidence. *Compare* Habeas Pet. at 39 ("Mr. Bob [the therapist] should've been subpoenaed for Character Evidence") *with* Am. Objs. at 4 ("It was this Petitioner [sic] Constitutional Right to be able to confront this witness[.]").

Because Petitioner did not allege a violation of his right to confront the witnesses against him in his habeas petition, the same is deemed waived and not entitled to *de novo* review. *See Vonville v. Kerestes,* 3:14-CV-1582, 2019 U.S. Dist. LEXIS 34666, at *35-36 (W.D. Pa. March 5, 2019) ("It is well-settled that [i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived. If this were not the case, systemic efficiencies would be frustrated and the Magistrate[ ] [Judge]'s role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.") (quotation marks and citations omitted); *see also Stoltzfoos v. Wetzel,* CIVIL ACTION No. 13-6747, 2017 U.S. Dist. LEXIS 27580, at *5 (E.D. Pa. Feb. 27, 2017) ("When a habeas petition is referred to a magistrate judge, Local Rule 72.1(IV)(c) requires the parties to raise '[a]ll issues and evidence' with the magistrate. Arguments that are not presented to the magistrate judge are deemed waived.") (citations omitted).

Accordingly, this issue shall be deemed waived and not entitled to *de novo* review. Moreover, the claim presented in Petitioner's initial filing—that the victim's therapist should have been subpoenaed to provide "character evidence"—is likewise waived, as Petitioner provided no explanation of what type of character evidence the therapist could have offered, or how this "evidence" would have changed the outcome of Petitioner's case. *See* E.D. Pa. Civ. P. R. 72.1(IV)(b)-(c) (requiring that before a party may make a valid objection to a magistrate's R&R, "[a]ll issues and evidence shall be presented to the magistrate judge[]" in the first instance).

Assuming *arguendo* either version of Petitioner's ineffective assistance of counsel claims was properly presented, both claims lack specificity, point to no supporting evidence, and are conclusory. This Court therefore dismisses them without further review. See *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (noting "vague and conclusory allegations contained in a [habeas] petition may be disposed of without further investigation by the District Court.") (citing *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988)).

In view of the foregoing, none of Petitioner's objections are entitled to *de novo* review. Instead, this Court must review the R&R for clear error. *See Crist v. Kane*, CIVIL ACTION NO. 3:14-CV-01412, 2016 U.S. Dist. LEXIS 131107, at *4 (M.D. Pa. Sept. 26, 2016) ("[T]he Court reviews the portions of the Report & Recommendation to which the petitioner objects specifically *de novo*. The remainder of the Report & Recommendation, and any portion the petitioner objects to generally, is reviewed for clear error."). Having done so and finding no clear error in this case, the R&R shall be approved and adopted.

**IV.     Conclusion**

For the reasons set forth hereinabove, Petitioner's objections to the Honorable Richard A. Lloret's Report and Recommendation shall be overruled and the Report and Recommendation shall be adopted and approved.

An appropriate Order follows.

BY THE COURT:

/s/  C. Darnell Jones, II   J.